```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

BEVERLY BROWN, : NO. 1:05-CV-00535
       Plaintiff, :
: **OPINION AND ORDER**
  v. :
:
MIAMI MANAGEMENT CO., INC., :
et al., :
:
       Defendants. :
:

This matter is before the Court on Defendants' Motion to Transfer Venue (doc. 9), Plaintiff's Memorandum in Opposition to the Defendants' Motion to Transfer Venue (doc. 14), and Defendants' Reply (doc. 15). For the reasons indicated herein, this Court DENIES Defendants' Motion to Transfer Venue (doc. 9).

**I.   Background**

Plaintiff Beverly Brown worked for a number of different Wendy's franchise companies from 1986 through 2004, all of which were located in and around Lexington, Kentucky. All of the franchises were owned by Defendant Miami Management Company or Defendant Miami Downtown, both of which are Ohio corporations (Id.). Plaintiff worked for a number of franchises operated by Defendant Miami Management until 2003, when she was transferred to a franchise location operated by Defendant Miami Downtown. Plaintiff was terminated in 2004 when the franchise operated by Miami Downtown ceased operations (Id.). Plaintiff alleges that she

was initially transferred, and subsequently terminated, on the basis of gender, age, and disability discrimination (Id.). Plaintiff had back surgery in 1999 and a hysterectomy in 2003, both of which were performed by doctors in Kentucky (Id.).

Each of the franchises, other than the franchise operated by Defendant Miami Downtown, is a separate limited liability company owned by Defendant Miami Management (Id.). Each limited liability company owned by Defendant Miami Management is independently operated, makes its own personnel decisions, and maintains its own records in Kentucky (Id.). Defendant Miami Downtown is owned by James Glass and James Fraley, both of whom reside in Ohio (doc. 14). Defendants filed a Motion to Transfer Venue to the Eastern District of Kentucky on grounds that it would be more convenient for the parties and potential witnesses (doc. 9). This matter is now ripe for the Court's consideration.

## II. Transfer of Venue

Under 28 U.S.C. § 1404, a district court may transfer a civil action to any other district where the action may have been brought for the convenience of the parties or witnesses. "In order for a transfer to take place, the Defendant must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum." Hobson v. Princeton-New York Investors, Inc., 799 F.Supp. 802, 805 (S.D. Ohio 1992). "A plaintiff's choice of forum is given great weight" (Id. at 804).

2

When considering a motion to transfer venue, a district court should consider the convenience of the parties, the convenience of potential witnesses, and the interests of justice. Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). Venue should not be transferred unless these factors weigh heavily in favor of the defendant. West American Insurance v. Potts, 1990 U.S. App. LEXIS 12513 at *6 (6th Cir. July 25, 1990).

**III. Argument**

Defendants argue that the case should be transferred to the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1404, because it would be a more convenient venue for all parties (doc. 9). Plaintiff lives in Lexington, Kentucky, she worked at Defendants' franchises in Kentucky, and the principle place of business for each of the Defendants is in Kentucky (Id.). Defendants also argue that a majority of the potential witnesses are located in and around Lexington, and that the alleged discrimination took place wholly in Kentucky (Id.). Finally, Defendants argue that because the docket is less congested in the Eastern District of Kentucky, they will be able to resolve this case more expeditiously there (Id.).

Plaintiff maintains that her choice of forum should be given deference because Defendants have not made a sufficiently strong showing that the Eastern District of Kentucky would be a more convenient forum (doc. 14). Plaintiff chose representation in

Cincinnati (Id.). Plaintiff indicates that the owners of Defendant Miami Downtown, James Fraley and James Glass, live in Cincinnati and that James Fraley has an office in Cincinnati (Id.) Furthermore, both Defendants are corporations incorporated in the State of Ohio (Id.). Plaintiff acknowledges that some of the discriminatory conduct took place in Lexington, but believes that the conduct forming the basis for the Complaint took place in the Southern District of Ohio (Id.).

**IV. Discussion**

Defendants do not make a sufficiently strong showing as to why the case should be transferred to the Eastern District of Kentucky. Considering the factors relevant to venue transfer, this Court has determined that they do not weigh heavily in favor of transfer. Trying the case in the Eastern District of Kentucky would not be significantly more convenient for the parties in this case. While Plaintiff does reside in Kentucky and Defendants' counsel is located in Kentucky (doc. 9), counsel for Plaintiff is in Cincinnati and the owners of Defendant Miami Downtown reside in Cincinnati (doc. 14). 28 U.S.C. § 1404 does not allow for transfer to a forum that is equally convenient or inconvenient, nor does it allow for transfer if that transfer would only shift the inconvenience from one party to another. United States ex rel. Roby v. Boeing Co., 1998 U.S. Dist. LEXIS 22456 at *5 (S.D. Ohio Jan. 21, 1998).

Defendants also claim that transferring this case to the

4

Eastern District of Kentucky would be more convenient for the witnesses (doc. 9).  Defendants contend that a majority of the witnesses are located in the Eastern District of Kentucky (Id.).  However, there are also some key witnesses who reside in Cincinnati, particularly the owners of Defendant Miami Downtown who made the decision at issue in this case (doc. 14).  Furthermore, Lexington and Cincinnati are located within one hundred miles of each other (Id.), so any inconvenience suffered by witnesses located in Lexington would be minimal and does not rise to the level required to upset Plaintiff's choice of forum.

      This Court also finds that the interests of justice would be best served by not transferring this case to the Eastern District of Kentucky.  This case has been pending before this Court for nine months (doc. 1), and transferring this case to the Eastern District of Kentucky provides no guarantee that this case will be resolved any faster there than it would be resolved in this Court.

**V.   Conclusion**

      A district court has broad discretion when considering motions to transfer venue under 28 U.S.C. § 1404.  Hayes v. Chesapeake & Ohio Railway Co., 374 F. Supp. 1068 (S.D. Ohio, 1973).  After reviewing the facts of this case, this Court is not satisfied that the Defendants have shown that the factors for transfer of venue weigh heavily in their favor.  Plaintiff and Defendants have representatives in both the Southern District of Ohio and the

Eastern District of Kentucky, and there are witnesses located in both locations (doc. 14).  Furthermore, the close proximity of Lexington and Cincinnati make any inconveniences to either the parties or the witnesses so slight that they are subordinate to the Plaintiff's choice of forum.  Defendants' Motion to Transfer Venue to the Eastern District of Kentucky is DENIED.

    SO ORDERED.


Dated: June 7, 2006        <u>s/S. Arthur Spiegel</u>

                              S. Arthur Spiegel
                              United States Senior District Judge